IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.  25-00071-TFM |
| | * | |
| DAVID ALONZO URIBE-MENDOSA | * | |
| | * | |

**DEFENDANT'S SENTENCING MEMORANDUM**

    David Uribe-Mendosa was born and raised in Jaluco Jalisco, Mexico and was residing in Mexico prior to being arrested on the instant case.  (PSR # 30).  His father is a fisherman and David grew up on the water with him learning the trade.  **Id.**  David has been a lifelong fisherman and supported his family with the resources gained from this trade.

 

It is because of this very fishing trade that David and men like him are routinely solicited on the ruse of fishing, but to only then be forced, threatened and promised money to man boats with an unknown and unspecified amount of drugs.

    Three hours prior to being accosted by unknown men, David awoke and made preparations to go fishing with his friends Gabriel and Ray.  David never planned to be involved with a drug

scheme operation. Even when he lived in Germany for over 10 years, he made a living working in a fishery to make use of his fisherman background. (PSR #32 & #41). This incident is outside of his normal way of living and is aberrant behavior.

Once they were accosted, they were given a GPS with a programmed destination and made to get on a boat that took them to a location where 3 men from Ecuador were on a boat. The 3 men from Ecuador were in possession of drugs that they transferred to the boat occupied by David and his friends. The boat eventually ran out of gas and they were intercepted by the Coast Guard and all arrested.

David was coerced into participating in this case and his role was limited to transporting drugs from one location to another. He did not barter or negotiate prices for the drugs, he did not package the drugs, he was not involved in securing sea worthy vessels or gasoline, nor was he involved in placing the drugs on the boat occupied by the Ecuador men. David's sole mission was to act as a courier (under duress) when the drugs were transferred from one boat to the other.

### Downward Departure Consideration

David played a minimal role in the offense and respectfully asks the Court to consider an adjustment pursuant to U.S.S.G. § 3B1.2. Application note 3A to 3B1.2(a) speaks to a person who is substantially less culpable than the average participant and states that, "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline." In the instant case, David was used to transport drugs in facilitating a drug transaction and was not involved in the finer details of negotiating the price or the amount of drugs to be purchased.

Mr. Uribe-Mendosa shows the court through this memo and the character letters written on his

behalf that the conduct displayed during this criminal incident is '*aberrant behavior*' compared to his lack of criminal history and his history as a fisherman in his community. We ask the court to consider all of the forgoing in fashioning a sentence that would reflect the seriousness of the offense and respect for the law, but would also provide just punishment for David's role in the instant case.

    Respectfully Submitted,

    /S/ LaWanda Jean O'Bannon
    LAWANDA J. O'BANNON, AFD
    Southern District of Alabama
    Federal Defenders Organization, Inc.
    11 North Water Street, Suite 11290
    Mobile, Alabama 36602
    (251)433-0910

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the within and foregoing will be served upon all parties by electronic filing and email delivery on this the ___15th___ day of __January__, 2026.

    /S/ LaWanda Jean O'Bannon