FILED - USDC ALSD
MAY 18 '26 PM 2:14

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 1:25-CR-00071-006 |
| | ) | |
| REY DAVID GABRIEL-ZAMORANO | ) | |

BEFORE HONORABLE: TERRY F. MOORER, U.S. DISTRICT JUDGE.

### "MOTION FOR SENTENCE REDUCTION, MODIFICATION OR ADJUSTMENT" "PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)"

Comes now, Rey David Gabriel Zamorano, acting Pro Se filing, in the above case, respectfully request permission to proceed in Forma Pauperis under title 28 U.S.C. § 1915(e)(2), and Section 1915A. Please See, attachment as Exhibit "1" Financial Affidavit (CJA 23). If necessary a Court Order to appoint Counsel under the criminal justice act (CJA), title 18 U.S.C. § 3006A, in order to aid the petitioner with his sentence modification or adjustment pursuant to the 2023 U.S. Sentencing Guidelines Amendment of U.S.S.G. § 1B1.10 providing for the retroactive application of Amendment 821 (Parts A and B, Subpart 1 only and Subject to Subsection (e)(2).

### BACKGROUND HISTORY:

On January 27, 2026, the grand jury for the Southern District of Alabama, returned an indictment charging Mr. Gabriel Zamorano with violation of title 46 USC § 70506 Conspiracy to distribute cocaine on board a vessel subject to the jurisdiction of the United States.

On January 27, 2026, the petitioner Gabriel-Zamorano, was sentenced to 108 Months Imprisonment, follow by Three Years of Supervised Release, and $100.00 Special Assessment.

Page 1.

## FACTS OF THE CASE:

Petitioner, respectfully files his motion for a sentence reduction modification or adjustment pursuant to title 18 U.S.C. § 3582(c)(2) Amendment 821. Petitioner respectfully request a liberal construction by the Honorable Court, pro se pleadings must be held to "less strin gent standards than formal pleading drafted by Lawyers". Haines v. Kerner, 404 U.S. 519, 520, 92, S.Ct. 594, 30, L.Ed 2d (1972).

Petitioner moves for a modification or adjustment of his sentence pursuant to title 18 U.S.C. § 3582(c)(2), Amendment 821, Part B amends Section 4Cl.1, United States Sentencing Guidelines, to permit a two-Level Decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4Cl.1(a).

DISCUSSION: In Part B, Subpart 1 to Amendment 821 to the sentencing guidelines commission added what now appears in Section 4Al.1(c), providing a 2-offense-level reduction for many offender who present zero criminal history points. The new provision states: § 4Cl.1,

(a) ADJUSTMENT-if the defendant meets all of the following criteria:

(1) The defendant did not receive any criminal history points from Chapter Four. Part A,

(2) The defendant did not receive an adjustment under § 3Al.4 Terrorism;

(3) The defendant did not use violence or credible threats of violence in connection with the offense;

(4) The offense did not result in death or serious bodily injury;

(5) The instant offense of conviction is not a sex offense;

(6) The defendant did not personally cause substantial financial hardship;

Page 2.

(7) The defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon or induce another participant to do so, in connection with the offense;

(8) The instant offense of conviction is not covered by § 2H1.1;

(9) The defendant did not receive an adjustment under § 3A1.1 Hate Crime

(10) The defendant did not receive an adjustment under § 3B1.1 in 21 U.S.C. § 848;

Decrease the offense level determined under chapters Two and Three by 2 Levels.

In Dillon v, United States, 560 U.S. 817 (2010), the Supreme Court addressess the process for application of a retroactive guideline Amendment, emphasizing that Section 1B1.10 is binding. The Court Declared "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission". Id. 821. The Court required district courts to follow a two-step approach.

Step One, 3582(c)(2) requires the Court to follow the Commission's intructions in § 1B1.10 to determine the prisioner's eligibility for a sentence modification and the extent of the reduction authorized.

Step Two, of the inquire, § 3582(c)(2) intructs a Court to consider any applicable § 3553(a) they include (1) "Nature and circums tances of the offense and the history and characteristics of the defen dant". (2) The need for the sentence imposed, to reflect the serious ness of the offense, to afford adequate deterrence and protect the ½ublic. (3) The kinds of sentence available; (4) The kinds of sentence and the sentencing range under the guidelines; (5) Any pertinent policy statements; (6) The need to [A]void unwarranted sentence disparities;

Page 3.

(7) The need to provide restitution to any victim of the offense 18 U.S.C. § 3553(a).

The petitioner, respectfully request, a review of sentences imposed in similar cases in the Eleventh Circuit, and nationwide compels a sentence below the advisory guideline range. First, Courts in this district have routinely varied downward in title 46 cases where they have not granted a minor-role reduction. Thus, a sentence within the 210-262 month range would introduce unwarranted disparity. Instructive examples include the following:

I. United States v. Alfonso, 21-20306-CR-ALTONAGA. The base offense level based on drug quantity was 36, and although there was a firearm present on the boat, no enhancements applied. DE 105 (Sentencing Transcripts). The guideline range was 108 to 135 months, based on a total offense level of 31 and criminal history category of I. Id. The sentence imposed was 75 months. DE 89 (Judgment).

II. United States v. Gonzalez, et, al., 22-20350-CR-ALTMAN. The base offense level based on drug quantity was 38, and no enhancements applied. DE 80 (PSI). the guideline range was 108 to 135 months. Id. The sentence imposed was 77 months DE 76 (Judgment).

III. United States v. Vilorio-Pichardo, 23-20077-CR-MARTINEZ. The base offense level based on drug quantity was 36, and no enhancements applied. DE 79 (PSI). After application of the § 4C1.1 reduction, the guideline range was 87 to 108 months. Id. The Sentence imposed was 72 Months. DE 89 (Judgment).

Additional case examples include United States v. Luis Manuel Garcia-Castillo et., 23-2024-CR-MOORE, a 450 Kilo conspiracy with a firearm on board. Sentence imposed was 108 mpnths imprisonment. In this instant case there were no firearm on board, and the zero-point

Page 4.

offender reduction had not yet been contemplated. In all the above cases, the Court varied downward significantly. This Honorable Court should do the same. Second, more generally, there is a broad array of conduct that falls under the umbrella of "serious drugs offenses" and much of it stars with the same guideline provision: U.S.S.G. § 2D1.1/ This includes cases charged under title 21, and those charged under title 46 USC  70503 and 70506, the latter of which frequently involve defendants like Mr. Gabriel-Zamorano, who come from abjectly poor backgrounds and are typically "First-Time-Offenders" who became involved under circumstances of dire need. Moreover, because § 2D1.1 works holding individuals accountable based on drug weight, large-scale traffickers who own the drugs and the profit from their sale often start with the same range as lower-level individuals like Mr. Gabriel-Zamorano, who stand to gain much less.

Given the lack of homogeneity in defendants whose advisory range is calculated under § 2D1.1 it is perhaps no surprise that Courts frequently impose downward variances in such drug cases. Nationals-Levels data presented in the U.S. Sentencing Commission's "JSIN" data base 2 shows that among all § 2D1.1 defendants sentenced in the last five years on a guideline range of 108 to 135 months (offense level 31 and criminal history category 1 with powder cocaine), [51%] received a Downward Variance. Moreover, even after excluding anyone who received a cooperation-benefit at sentencing, the national median sentence for those defendants was 87 months. So even putting cooperators aside, fully half of all defendants with an advisory range of 108 to 135 months received a downward variance to 87 months or less. Where the guideline range was 87 to 108 months (offense level 29 and criminal history category 1), the national median sentence was [78] Months.

Petitioner, respectfully ask the Court to consider the facts in this instant case, such as his extensive family members, his Mom, been diabetic, his three children, that depend upon him for financial support. Now the petitioner has enrolled in several courses here at this institution, and is at the waiting list for a job here at UNICOR facilities, petitioner has a good behaivor. Please also consider the fact that petitioner is not a U.S. Citizen, and does "Not" qualify for all the programs that the Bureau Of Prisons, have available here at this institution. Do not qualify for FSA, No Home Confinement, No Half-way House, No Early Release, and No Second Chance either. Please See, Pepper v. United States, 562 U.S. 476, 480-81, 490, 131, S.Ct. 1229, 179, L.Ed 2d 196 (2011); United States v. Davis, 99, 647, 659, (4th Cir. 2024). Please Consider, all the above remedy's and relief programs, that the petitioner [Do not qualify] because he is "Not" a U.S. Citizen, Please consider 18 USC § 3553(a)(6).

<u>CONCLUSION:</u>

Wherefore, the petitioner pray's that this Honorable Court grant his Motion for a sentence reduction, modification, or adjustment pursuant to Sections 3582(c)(2), and Amendment 821 for zero-point offender; If necessary a Court Order for appointment of Counsel under the criminal justice act (CJA) 3006A; and permission to proceed in Forma Pauperis. Or any other kind of relief, this Honorable Court deems just and proper. God Bless This Honorable Court Of Justice.

Page 6.

<u>CERTIFICATE OF SERVICE</u>:

I, Rey David Gabriel-Zamorano, certify under penalty of perjury title 28 U.S.C. § 1746, that I had sent a Motion For Sentence Reduction Modification, or Adjustment Pursuant to title 18 U.S.C. 3582(c)(2), to the United States Clerk of Court, via U.S. Postal Service, and I personally placed it at: FCI Yazoo City Low II, P.O. Box 5000, Yazoo City, MS 39194.

SIGNATURE: _Rey David G_    DATED: _14 of May 2026._
Rey David Gabriel Zamorano
Reg No: 65821-511

Page 7.



REY DAVID GABRIEL ZAMORANO
Reg no. 65821-511
FCI YAZOO CITY LOW II
P.O. Box 5000
Yazoo City, MS 39194

U.S. CLERK OF COURT
SOUTHERN DISTRICT OF ALABAMA
John A. Campbell U.S. Courthouse
113 St. Joseph Street, Room 123
MOBILE, ALABAMA 36602